# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LON CARTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NICK DAWSON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-01325-OWW-WMW PC<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN 30 DAYS |

**I.　　Screening Requirement**

　　　Plaintiff Lon Carter ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

　　　"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

### A.     Summary of Plaintiff's Complaint

Plaintiff is incarcerated with the California Department of Corrections and Rehabilitation at Avenal State Prison in Avenal, California ("Avenal"). Plaintiff is suing under 42 U.S.C. § 1983 for the deprivation of rights secured by the Eighth Amendment. Plaintiff names warden Nick Dawson, former warden Kathy Mendoza Powers, associate warden Rosemary Ndoa, Lieutenant M.D. Bear, nursing practitioner Pam Karr, and chief medical officer Erica Weinstein as defendants.

Plaintiff contracted a staph infection while incarcerated at Avenal in August 2006. Plaintiff alleges that his infection was a result of the unconstitutional conditions of confinement at Avenal. Plaintiff alleges that Avenal is overcrowded, prison staff do not conduct sufficient housing unit inspections and cleaning, prisoners are deprived of hot water, and that the prison lacks sufficient policies and protocols to identify and prevent staph infection outbreaks.

### B.     Eighth Amendment Claim - Conditions of Confinement

Plaintiff alleges that the unsanitary exposure to staph infection at Avenal constitutes a violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834

1  (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that
2  the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298).
3  The objective requirement that the deprivation be "sufficiently serious" is met where the prison
4  official's act or omission results in the denial of "the minimal civilized measure of life's necessities".
5  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The subjective requirement that the
6  prison official has a "sufficiently culpable state of mind" is met where the prison official acts with
7  "deliberate indifference" to inmate health or safety.  Id. (quoting Wilson, 501 U.S. at 302-303).

8       "It is undisputed that the treatment a prisoner receives in prison and the conditions under
9  which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v.
10  McKinney, 509 U.S. 25, 31 (1993).  Prisoner officials must provide prisoners with "food, clothing,
11  shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107
12  (9th Cir. 1986).  While allegations of overcrowding, alone, are insufficient to state a claim under the
13  Eight Amendment, see Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Balla v. Idaho State Bd. of
14  Corr., 869 F.2d 461, 471 (9th Cir. 1989); Akao v. Shimoda, 832, F.2d 119, 120 (9th Cir. 1987) (per
15  curiam) (citing Hoptowit v. Ray, 682 F.2d 1237, 1249 (9th Cir. 1982)), where crowding causes an
16  increase in violence or reduces the provision of other constitutionally required services the prisoner
17  may be able to state a claim, see Balla, 869 F.2d at 471; Toussaint v. Yockey, 722 F.2d 1490, 1492
18  (9th Cir. 1984); Hoptowit, 682 F.2d at 1248-49.

19       Plaintiff alleges that the institutional policies of Defendants Dawson and Mendoza Powers
20  resulted in overcrowding which caused defendants to be unable to provide sanitary conditions that
21  are required under the Eighth Amendment.  Plaintiff's allegations regarding the overcrowding
22  combined with the lack of cleaning, hot water, and infection containment protocols satisfies the
23  objective requirement for stating an Eighth Amendment violation.  Plaintiff also alleges that
24  Defendants Dawson and Mendoza Powers knew of the violations and failed to correct them, evincing
25  the deliberate indifference required for the subjective element.  Therefore, Plaintiff states a
26  cognizable claim for violation of the Eighth Amendment against Defendants Dawson and Mendoza
27  Powers.
28  ///

**C.     Claims Against Other Defendants**

  **i.     Claims Against Appeals Reviewers**

Plaintiff alleges that Defendants Ndoa and Bear violated his constitutional rights by denying his inmate administrative appeal and did not handle the appeal and investigation fairly. However, "only persons who cause or participate in the [constitutional] violations are responsible". George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996)). "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Id. Any actions that the appeals reviewers took were after a constitutional violation would have already occurred. Even assuming that the appeals reviewers wrongly denied Plaintiff's administrative appeals, the constitutional violation had already occurred at that point and the denials, even if wrongful, were not in themselves constitutional violations.

Further, Plaintiff's complaints regarding the inmate administrative appeal system do not amount to a due process violation. In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

///
///
///

"Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Therefore, Plaintiff's complaint fails to state any claims against Defendants Bear and Ndoa.

### ii.    Claims Against Defendants Erica Weinstein and Pam Karr

Plaintiff's complaint lacks sufficient factual allegations to support any claims against Defendant Weinstein and Karr. Plaintiff's only allegations against Defendant Weinstein are that she "is the chief medical officer, and ranking physician with the responsibility for the overall clinical management of inmate health care services for, (sic) inmate medical treatment", (Compl. 2), and that she "was/is reckless and deliberate and, (sic) indifferent to plaintiff's serious medical need", (Compl. 7). Plaintiff's only allegations against Defendant Karr are that she "is the nursing practitioner at Avenal State Prison in charge of identifying and treating and medicating all inmates (sic) medical needs at Avenal State Prison". (Compl. 2). Under Federal Rule of Civil Procedure 8(a)(2), Plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief". "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiff's vague allegations are not sufficient to give the defendants fair notice of what Plaintiff's claim against her is. Plaintiff does not state when or how Defendant Weinstein was reckless or deliberately indifferent to Plaintiff's medical needs and does not provide any factual allegations whatsoever regarding the acts or omissions of Defendant Karr. Therefore, Plaintiff fails to state any cognizable claims against Defendants Weinstein and Karr.

**III.   Conclusion and Order**

Plaintiff's complaint states cognizable claims against Defendants Dawson and Mendoza Powers for policies creating unconstitutional conditions of confinement in violation of the Eighth Amendment. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may

not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff two (2) summonses and two (2) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . .", Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted), meaning Plaintiff must provide enough allegations in his complaint to demonstrate why he is entitled to the relief that he seeks.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1.       The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Dawson and Mendoza Powers for violation of the Eighth Amendment; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   January 30, 2009**               /s/  **William M. Wunderlich**
                                        UNITED STATES MAGISTRATE JUDGE