# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LON CARTER, | CASE NO. 1:07-cv-01325-OWW-SKO PC |
| Plaintiff, | ORDER RE MOTIONS |
| v. | (Doc. 21, 22, 24, 36, 38, 39, 40, 41) |
| WARDEN NICK DAWSON, et al., | |
| Defendants. | |

Plaintiff Lon Carter ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On October 28, 2009, Plaintiff filed a motion requesting the production of documents from Defendants. (Doc. #21.) On November 19, 2009, Defendants filed a motion to strike Plaintiff's October 28, 2009 motion. (Doc. #22.) On December 9, 2009, Plaintiff filed a "Motion requesting disposition subpoena to provide discovery." (Doc. #24.) On February 16, 2010, Plaintiff filed a motion requesting the appointment of counsel. (Doc. #36.) On March 10, 15, and 22, Plaintiff filed motions requesting the Court to take judicial notice of several facts presented by Plaintiff. (Doc. #38, 39, 40) Plaintiff also filed requests for admission with the Court on March 22, 2010. (Doc. #41.)

**I.    Discussion**

    **A.    Plaintiff's Requests for Production of Documents**

On October 28, 2009, Plaintiff filed a motion requesting the production of documents. Plaintiff also attached a set of interrogatories and a set of requests for admission to his motion. On November 19, 2009, Defendants filed a motion to strike Plaintiff's pleading.

1

1   The Court will grant Defendants' request.  Plaintiff is advised that discovery requests must
2   comply with the Federal Rules of Civil Procedure.  Discovery requests propounded on a party are
3   self-executing.  In other words, Plaintiff must serve his requests directly to the opposing party, and
4   not through the Court.  The Court will grant Defendants' motion to strike Plaintiff's pleading and
5   Plaintiff's motion requesting the production of documents will be stricken from the docket.  For the
6   same reasons, the Court will strike Plaintiff's request for admissions filed on March 22, 2010.

**B.     Plaintiff's Motion Requesting "Disposition Subpoena to Provide Discovery"**

On December 9, 2009, Plaintiff filed a "Motion requesting disposition subpoena to provide discovery."  Plaintiff's motion is made in response to a letter received from Defendants in response to a discovery request.  Plaintiff apparently served Defendants with a document production request that was directed to the Litigation Coordinator at Avenal State Prison.  Plaintiff was informed that the Litigation Coordinator is not a party to this action, and to the extent that Plaintiff is seeking to obtain documents from a non-party, he must do so via subpoena.  Plaintiff seeks documents pertaining to:

> housing unit inspection cleaning periods, the complete hot water documented work order for defendants[sic] reasons for lowering the hot water temperture[sic] for the complete months of July/August of 2006, and the complete records of documentation of defendants[sic] policies, and protocols that defendants used to identify/prevent the staph infection out breaks even after previous out breaks notice[sic].

The documents in question appear to be documents that are likely to be in the possession, custody and/or control of Defendants.  It appears that Plaintiff, who is unfamiliar with the rules and practices of conducting discovery, "directed" his requests to the Litigation Coordinator at Avenal State Prison, rather than "directing" his requests to the Defendants in this lawsuit.  Rather than placing the burden and expense of producing the documents in question on a non-party, the Court will direct Defendants to respond to Plaintiff's document production request as if it were directed to them.  See Federal Rule of Civil Procedure 45(c)(1) (duty to avoid imposing undue burden or expense on persons subject to a subpoena).

Defendants will be ordered to file a response to Plaintiff's document production request within thirty (30) days of the date of service of this order.  If Defendants object to the production of

2

these documents, Plaintiff is advised that he may either: (1) file a motion to compel Defendants to produce these documents[1], or (2) if Defendants claim that they do not have possession, custody, or control of these documents, Plaintiff may re-file a motion for a subpoena under Rule 45. Plaintiff's motion must (1) identify with specificity the documents sought, (2) identify with specificity the third party who has the documents, and (3) demonstrate that the records are only obtainable through that third party.

The Court notes that it is highly unlikely that Defendants do not have possession, custody, or control of these documents, assuming that the documents exist somewhere within the California Department of Corrections and Rehabilitation. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995) (citing Buckley v. Vidal, 50 F.R.D. 271, 274 (S.D.N.Y. 1970)). Although the California Department of Corrections and Rehabilitation ("CDCR") is not a party to this action, it is the Court's experience that Defendants, who are employed by CDCR, can generally obtain documents such as the ones at issue here by simply requesting them from CDCR. If Defendants object to Plaintiff's discovery request on the grounds that they do not have possession, custody, or control of the documents in question, Defendants must set forth facts that persuasively demonstrate why they do not have access to these documents.

**C.  Plaintiff's Motion Requesting Appointment of Counsel**

On February 16, 2010, Plaintiff filed a motion requesting appointment of counsel due to the complicated discovery issues in this litigation. Plaintiff's motion will be denied. Plaintiff does not have a constitutional right to appointed counsel in a Section 1983 action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Further, the Court cannot require an attorney to represent Plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 198 (1989). Thus, the Court lacks a reasonable method of securing and compensating counsel. The Court will

---

[1] Plaintiff is also advised that Federal Rule of Civil Procedure 37(a)(1) requires that any motion to compel must include a certification that Plaintiff has made a good faith attempt to confer with the party failing to make discovery disclosure in an effort to obtain the disclosure without court action.

only seek volunteer counsel in the most serious and exceptional cases. Plaintiff's case is not exceptional. This Court is faced with similar cases almost daily. Further, although Plaintiff has demonstrated some difficulty in understanding proper discovery protocol, the Court does not find that Plaintiff cannot adequately articulate his claims. Therefore, Plaintiff's motion for appointment of counsel will be denied.

### D.     Plaintiff's Requests for Judicial Notice

Plaintiff has made four requests for judicial notice. Plaintiff's March 10, 2010 request asks the Court to take judicial notice of Coleman v. Schwarzenegger, 02:90-cv-0520 LKK JFM P. Plaintiff's March 15, 2010 request for judicial notice requests that the Court take judicial notice of the "Weekly Housing Unit Inspections September 13, 2006 memorandum." Plaintiff's March 22, 2010 request for judicial notice requests that the Court take judicial notice of a "September 19, 2007 Staph infection generated memorandum."

Judicial notice of adjudicative facts is governed by Federal Rule of Evidence 201. Under Rule 201, a Court may take judicial notice of facts not subject to reasonable dispute because they are "generally known within the territorial jurisdiction of the trial court" or are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(b).

Plaintiff requests that the Court take judicial notice of Coleman v. Schwarzenegger because the facts in Coleman are similar to the facts in this case. However, it is inappropriate for the Court to take judicial notice of Coleman for the purpose raised by Plaintiff. "[T]aking judicial notice of findings of fact from another case exceeds the limits of Rule 201." Wyatt v. Terhune, 315 F.3d 1108, 1114 (9th Cir. 2003).

Plaintiff further requests that the Court take judicial notice of: (1) the September 13, 2006 memorandum for the purpose of demonstrating how often the prison conducted housing unit inspections; and (2) the September 19, 2007 memorandum for the purpose of demonstrating that staff at Avenal State Prison were aware of the increased number of staph infections. However, the facts raised in the memoranda are not facts "generally known within the territorial jurisdiction of the trial court" or are "capable of accurate and ready determination by resort to sources whose accuracy

cannot reasonably be questioned." Defendants point out that the facts stated in the memoranda are disputed. Accordingly, Plaintiff's requests for judicial notice will be denied.

## II. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' November 19, 2009 motion to strike Plaintiff's October 28, 2009 discovery requests is GRANTED;

2. Plaintiff's October 28, 2009 motion for production of documents and Plaintiff's March 22, 2010 requests for admission are STRICKEN from the record;

3. Plaintiff's December 9, 2009 "Motion requesting disposition subpoena to provide discovery" is DENIED;

4. Defendants are ordered to provide a response to the document production request referred to in Plaintiff's December 9, 2009 motion;

5. Plaintiff's February 16, 2010 motion requesting appointment of counsel is DENIED; and

6. Plaintiff's March 10, 2010, March 15, 2010, and March 22, 2010 requests for judicial notice are DENIED.

IT IS SO ORDERED.

**Dated:**   **May 3, 2010**              /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE