# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LON CARTER, | CASE NO. 1:07-cv-01325-OWW-SKO PC |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | (Docs. 42, 45, 48, 53, 54, 56, 64, 73, 74) |
| WARDEN NICK DAWSON, et al., | |
| Defendants. | |

Plaintiff Lon Carter ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are several motions from Plaintiff.

**I.    Discussion**

   **A.    Plaintiff's April 12, 2010 Motion Requesting Witness Subpoena Forms**

On April 12, 2010, Plaintiff filed a motion requesting five blank subpoena forms for the purpose of summoning witnesses to testify at trial. (Doc. #42.) Plaintiff's motion is premature. This matter is not yet scheduled for trial. In the event that this action proceeds to trial, the Court will provide Plaintiff with the necessary instructions for obtaining the attendance of witnesses to testify on his behalf. The Court will deny Plaintiff's April 12, 2010 motion.

   **B.    Plaintiff's April 19, 2010 Motion Requesting the Production of Documents**

On April 19, 2010, Plaintiff filed a motion requesting that the Court order the defendants in this action ("Defendants") to produce certain documents. (Doc. #45.) Plaintiff is advised that discovery is generally a self-executing process and that document production requests must be served

///

1

directly on the adverse parties. Plaintiff does not file document production requests through the Court. Accordingly, Plaintiff's April 19, 2010 motion will be denied.

### C. Plaintiff's June 9, 2010 Motion for Court Assistance

On June 9, 2010, Plaintiff filed a motion requesting "assistance to obtain pertainent[sic] documents for purposes of deposition." (Doc. #48.) Plaintiff claims that he filed a request to the prison's litigation coordinator requesting information on the whereabouts of the custodians in possession of documents needed by Plaintiff for his deposition. Plaintiff requests the Court's assistance in locating and identifying the health inspector for Avenal State Prison, the health inspector's supervisor, the "custodian of records" for the Avenal State Prison health inspection records, the "custodian of records" for the Avenal State Prison "plant of operations work orders," and the supervisors for the Avenal State Prison "custodian of records."

Plaintiff is advised that the Court cannot assist Plaintiff with litigating this action. Plaintiff has not cited any authority that permits the Court to provide the assistance that Plaintiff requests. Plaintiff's June 9, 2010 motion will be denied.

### D. Plaintiff's July 26, 2010 Motion for Opposition and Default

On July 27, 2010, Plaintiff filed a motion for "opposition and or default." (Doc. #53.) Plaintiff's motion is intended to be construed as an opposition to Defendants' July 14, 2010 motion requesting an extension of time to respond to Plaintiff's motion to compel. The Court already granted Defendants' motion for an extension of time and Plaintiff fails to set forth any persuasive argument regarding why Defendants' request for an extension should be denied. The Court will deny Plaintiff's motion.

### E. Plaintiff's July 26, 2010 Motion to Stay

On July 27, 2010, Plaintiff filed a motion to stay the proceedings in this action pending the outcome of an appeal that Plaintiff filed with the Ninth Circuit. (Doc. #54.) Plaintiff's appeal was denied on August 26, 2010. (Doc. #70.) Accordingly, Plaintiff's motion will be denied as moot.

### F. Plaintiff's July 30, 2010 Motion for a Certificate of Appealability

On July 30, 2010, Plaintiff filed a motion requesting a certificate of appealability. (Doc. #56.) Plaintiff does not require a certificate of appealability in a civil case. Further, Plaintiff's

appeal has already been denied. Accordingly, Plaintiff's motion will be denied as moot.

### G. Plaintiff's August 5, 2010 Motion for Entry of Default Judgement

On August 5, 2010, Plaintiff filed a motion requesting entry of default judgment. There has been no entry of default against Defendants. Defendants have not failed to plead or otherwise defend the action. Federal Rule of Civil Procedure 55(a). Plaintiff's motion requesting default judgment lacks merit. Accordingly, the Court will deny Plaintiff's motion.

### H. Plaintiff's September 13, 2010 Motion for a Refund

On September 13, 2010, Plaintiff filed a motion requesting a refund of the $455.00 filing fee for his Ninth Circuit appeal in this action. Plaintiff argues that this Court should refund Plaintiff's filing fee because the Court failed to inform Plaintiff that the order that Plaintiff attempted to appeal was not appealable. Plaintiff has failed to cite to, and the Court is unaware of, any authority that requires the Court to provide Plaintiff with legal advice regarding which orders are appealable and which orders are not appealable. It is Plaintiff's obligation to perform the necessary research to determine whether or not his appeals have merit. Plaintiff has not cited any authority that states that this Court is obligated to refund Plaintiff's filing fee. Plaintiff's motion will be denied.

### I. Plaintiff's September 14, 2010 Motion Requesting the Removal of Judge Sheila K. Oberto

On September 14, 2010, Plaintiff filed a motion arguing that Magistrate Judge Sheila K. Oberto should recuse herself from this action. (Doc. #74.) Plaintiff claims that recusal is proper "in the 170.6 subdivision (2)." (170.6 Motion Pursuant to California Code of Civil Procedures to Remove Judge Sheila K. Oberto 1:16, ECF No. 74.) Plaintiff is presumably referring to California Code of Civil Procedure § 170.6, which provides for the recusal of a California state court judge where the judge "is prejudiced against any party or attorney or the interest of any party or attorney appearing in the action or proceeding." California Code of Civil Procedure § 170.6(a)(1). Plaintiff is advised that he is in federal court, not state court, and the California Code of Civil Procedure does not apply in federal court.

Further, the Court finds that Plaintiff has failed to state any facts that would justify recusal. Plaintiff claims that a motion requesting recusal should be granted so long as "it states merely that

3

the person making [the motion] believes that prejudice exists. No proof is required to support the declaration statement of prejudice, because its[sic] in writing under the penalty of perjury, under oath and is assumed to be made in good faith." Plaintiff has not alleged any facts that reasonably question the impartiality of Magistrate Judge Sheila K. Oberto, other than Plaintiff's subjective belief that Judge Oberto is prejudiced against him.

In federal court, the disqualification of a judge is governed by 28 U.S.C. § 455. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The goal of section 455(a) is to avoid even the appearance of partiality." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988) (internal quotations and citations omitted). The relevant question is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." U.S. v. Holland, 519 F.3d 909, 913 (9th Cir. 2008) (internal citations and quotations omitted). "The standard 'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" Id. (quoting United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993).

Plaintiff has not articulated any facts that reasonably question Judge Oberto's impartiality. Plaintiff contends that recusal is proper based solely on Plaintiff's unsubstantiated subjective belief that prejudice exists. However, disqualification under Section 455 requires Plaintiff to show more than "the merest unsubstantiated suggestion of personal bias or prejudice." "Without this proposition, [a judge] could recuse [him or herself] for any reason or no reason at all; [judges] could pick and choose [their] cases, abandoning those that [they] find difficult, distasteful, inconvenient or just plain boring." Id. at 912. "[I]n the absence of a legitimate reason to recuse himself, 'a judge should participate in cases assigned.'" Id.

Accordingly, the Court finds that Plaintiff has failed to articulate any facts that reasonably question the impartiality of Judge Oberto. Plaintiff's motion will be denied.

**II.    Conclusion and Recommendation**

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's April 12, 2010 motion requesting blank witness subpoena forms is

4

DENIED;

2. Plaintiff's April 19, 2010 motion requesting the production of documents is DENIED;

3. Plaintiff's June 9, 2010 motion requesting the Court's assistance is DENIED;

4. Plaintiff's July 26, 2010 motion opposing Defendants' motion for an extension of time is DENIED;

5. Plaintiff's July 26, 2010 motion requesting a stay is DENIED;

6. Plaintiff's July 30, 2010 motion requesting a certificate of appealability is DENIED;

7. Plaintiff's August 5, 2010 motion requesting entry of default judgement is DENIED;

8. Plaintiff's September 13, 2010 motion requesting a refund is DENIED; and

9. Plaintiff's September 14, 2010 motion requesting the disqualification of Magistrate Judge Sheila K. Oberto is DENIED.

IT IS SO ORDERED.

**Dated:   October 30, 2010**               /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE