# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LON CARTER,<br><br>           Plaintiff,<br><br>    v.<br><br>WARDEN NICK DAWSON, et al.,<br><br>           Defendants. | CASE NO. 1:07-cv-01325-OWW-SKO PC<br><br>ORDER PARTIALLY GRANTING PLAINTIFF'S MOTION TO COMPEL<br><br>(Docs. 49, 50)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff Lon Carter ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On June 23, 2010, Plaintiff filed a "Motion of Certification to Compel. Pursuant to Rule 37(a)(1) and (2)(A)" and a "Motion to Compel for the Production of Documents." (Doc. #49, 50.) Plaintiff's motions request the Court to compel Defendants to produce certain documents. Defendants filed an opposition to Plaintiff's motion on August 16, 2010. (Doc. #69.) Plaintiff filed a reply to Defendants' opposition on August 26, 2010. (Doc. #71.)

Plaintiff requests the production of seven sets of documents. Plaintiff has not attached a copy of the document production requests he sent to Defendants and has not attached a copy of Defendants' responses to his motion. Instead, Plaintiff provides a description of the request and a description of Defendants' reply in his motion.

**I.    Plaintiff's Document Production Requests**

"Production of Documents, No. 1" requests "documents for the avenal state prison plant of operations work order for the lowering of the hot shower temperture[sic] water during the complete months of July and August of 2006 for the facility six yards building 650 housing unit's general

1

population." (Mot. to Compel the Production of Documents 2:8-12, ECF No. 50.) Plaintiff claims that Defendants lowered the hot water temperatures thereby endangering Plaintiff's health by exposing him to a risk of contracting an infection. Plaintiff contends that the work order documents will contradict Defendants' contentions that the hot water temperatures were lowered because of an uncontrollable mechanical failure or because the weather was too hot. Plaintiff does not provide a description of Defendants' response to this document production request.

"Production of Documents, No. 2" requests "documents for the discrepancies found for the facility six yard's 650 housing unit building for the twelve months for the complete year of 2006." (Mot. to Compel 3:17-20, ECF No. 50.) Plaintiff alleges that Defendants' claimed that no documents that were responsive to the request have been located. Plaintiff argues that "this document exist to identify working/non working unit supporters during the units cleaning inspection." (Mot. to Compel 3:23-25, ECF No. 50.)

"Production of Documents, No. 3" requests "documents for the attendance documents of each and every officer, sergeant, and lieutenant for days grounds hazard check list narrative and discrepancies inspection documents verifying their attendance for the days, weeks, months of the signed documents." (Mot. to Compel 4:1-6, ECF No. 50.) Plaintiff claims that "Defendants do not state that this document does not exist, although plaintiff has clearly made a mistake in the sentencing grammer[sic] for this request, dafendants[sic] may not take advantage of this lay man mistake." (Mot. to Compl 4:6-9, ECF No. 50.) Plaintiff claims that he "is simply requesting the document of the officers that conducted these unit inspection for the twelve month period in unit 650." (Mot. to Compl 4:9-11, ECF No. 50.)

"Production of Documents, No. 4" requests "documents for the departmental operational procedures, department of operational manual, ocr regulation, state penal statute, or state or federal law supporting, and authorizing your duty to provide plaintiff with hot water." (Mot. to Compel 4:15-18, ECF No. 50.) Plaintiff alleges that Defendants rejected Plaintiff's request by stating that they are not responsible for conducting Plaintiff's legal research and that they have no legal duty to provide hot water. Plaintiff argues that California regulations require prison officials to issue a copy

///

of all rule changes. Plaintiff also argues that Defendants have a duty to provide for Plaintiff's safety and general well-being.

"Production of Documents, No. 5" requests "documents for the local operational procedure protocol documentation for inmate man down custody alerted situations." (Mot. to Compel 6:1-2, ECF No. 50.) Plaintiff alleges that "defendants do not claim that his documents do not exist," but provides no other description of Defendants' response to Plaintiff's request.

"Production of Documents No. 6" requests "documents for avenal state prison memorandums to staff and inmates from 2003 to December of 2006 on the subject of MRSA." (Mot. to Compel 6:8-10, ECF No. 50.) Plaintiff alleges that "Defendant's[sic] do not claim that these requested documents do not exist, defendants state that after a reasonable inquiry, the only documents that could be located is attached as attachment." (Mot. to Compel 6:14-17, ECF No. 50.) Plaintiff argues that "it is beyond belief that the defendants[sic] attachment no. 3, is/was the only generated notice circulated for inmates mrsa infection spread from 2003, until 2006 in avenal state prison's overcrowded condition of confinement." (Mot. to Compel 6:17-20, ECF No. 50.)

"Production of Document No. 7" requests "documents for any and all court ordered injunctions for the overcrowded inmate confinement at avenal state prison from 2003 up to December of 2006." (Mot. to Compel 6:22-24, ECF No. 50.) Plaintiff alleges that Defendants objected on the grounds that the request was not reasonably calculated to lead to the discovery of admissible evidence and that they conducted a reasonably inquiry to locate these documents.

## II. Discussion

### A. Timeliness

In their opposition, Defendants contend that Plaintiff's motion to compel is untimely. Defendants note that on May 4, 2010, the Court ordered Defendants to respond to Plaintiff's document production requests. The Court also informed Plaintiff that he could file a second motion to compel if Defendants objected to Plaintiff's requests. Defendants contend that they filed responses to Plaintiff's requests on April 23, 2010, before the May 4, 2010 court order. Plaintiff's motion to compel was filed on June 23, 2010. Defendants argue that Plaintiff's motion to compel was filed 90 days after Defendants responded to Plaintiff's discovery requests.

1       The Court will regard Plaintiff's motion to compel as having been timely filed. The Court
2 notes that May 4, 2010 court order was issued after the discovery deadline and ordered Defendants
3 to respond to Plaintiff's document production requests and expressly advised Plaintiff to file a
4 motion to compel if Defendants objected to the document production requests. The order did not
5 provide a deadline for the filing of Plaintiff's motion to compel. Accordingly, the Court will
6 consider Plaintiff's motion which was filed less than two months after the court order.

7       **B.**     **Scope of Motion to Compel**

8       Defendants note that it is unclear whether Plaintiff's motion to compel concerns the sets of
9 interrogatories, admissions, and requests for production of documents that Plaintiff propounded after
10 the deadline for filing discovery requests. Defendants argue that the discovery deadline was April
11 26, 2010 and any requests were due 45 days prior to the deadline to provide the opposing party with
12 sufficient time to file a response. Accordingly, all discovery requests had to be served by March 12,
13 2010. Defendants contend that Plaintiff propounded a number of discovery requests after the March
14 12, 2010 deadline and Defendants did not respond to those requests because they were untimely.

15       Plaintiff's motion to compel only addresses his document production requests. Therefore,
16 the Court will not address the merits of any other discovery requests that Plaintiff propounded that
17 may or may not have been untimely.

18       **C.**     **Production of Documents No. 1-4, and 6**

19       Defendants argue that with respect to Production of Documents No. 1-4 and 6, Defendants
20 could not locate any documents responsive to Plaintiff's requests. Defendants informed Plaintiff that
21 they conducted a search for responsive documents and did not locate any such documents. Plaintiff
22 has not alleged any facts or submitted any evidence to challenge Defendants' contentions.
23 Accordingly, the Court will accept Defendants' contentions and interprets Defendants' responses as
24 asserting that there are no responsive documents within Defendants' possession, custody, or control.

25       The Court will not compel Defendants to produce additional documents based on Plaintiff's
26 speculation that it is "beyond belief" that there are no other documents responsive to Plaintiff's
27 request. Unless Plaintiff can identify a specific document that Defendants withheld from Plaintiff,
28 the Court is satisfied with Defendants' response. Plaintiff is advised, however, that if it is later

4

discovered that Defendants withheld a document that was responsive to Plaintiff's requests, Defendants may be sanctioned under Federal Rule of Civil Procedure 37. Defendants are advised that under Federal Rule of Civil Procedure 37(e), they are obligated to supplement their responses to Plaintiff's discovery requests if they learn that their previous disclosures were incomplete or incorrect.

### D.     Production of Documents No. 5

Defendants argue that their objection to Production of Documents No. 5 is proper because the request was not reasonably calculated to lead to the discovery of any admissible evidence. Plaintiff's request appears to ask for all documents relating to Avenal State Prison's policies and procedures for responding to emergency situations. Defendants argue that those policies and procedures are not relevant to Plaintiff's claims.

Plaintiff's claims are based on his allegation that the conditions at Avenal State Prison were unconstitutional because Plaintiff was exposed to the risk of MRSA infection due to cold shower water temperatures, overcrowding, and Defendants' failure to conduct regular inspections of the prison. Thus, Plaintiff's claims concern his allegation that the conditions in Avenal State Prison were unsanitary. Plaintiff fails to offer any persuasive explanation as to how Avenal State Prison's emergency "man down" policies and procedures will lead to the discovery of evidence that supports Plaintiff's contention that the prison was unsanitary. The Court will not order Defendants to provide any further response to Plaintiff's request.

### E.     Production of Documents No. 7

Defendants also argue that Production of Documents No. 7[1] was not reasonably calculated to lead to the discovery of admissible evidence. Defendants argue that Plaintiff's request asked for "any and all court injunctions" related to the overcrowded conditions at Avenal State Prison that were issued between 2003 and 2006.

To the extent that any such injunctions were issued, they would be relevant for the purposes

---

[1] Defendants note that the request identified as "Production of Documents No. 7" in Plaintiff's motion to compel refers to what was previously labeled as "Request for Production No. 9" in Plaintiff's original document production requests.

of proving that Defendants were aware that Avenal State Prison was overcrowded. The existence of any injunctions may lend support to Plaintiff's allegation that Defendants were aware that the conditions in Avenal State Prison were unsanitary because of the overcrowding. Defendants' knowledge is relevant to Plaintiff's claim because Plaintiff must prove that Defendants acted with deliberate indifference in order to prevail on his Eighth Amendment Claim. The Court will, therefore, overrule Defendants' objection to Production of Documents No. 7 and will require Defendants to produce any documents within their possession, custody, or control regarding any court ordered injunctions issued between 2003 and 2006 that are related to the overcrowded conditions at Avenal State Prison.

Defendants argue that to the extent that Plaintiff is requesting legal research, they are not obligated to perform legal research on Plaintiff's behalf. Plaintiff's request did not ask Defendants to conduct Plaintiff's legal research. Plaintiff is requesting any documents related to any court-issued injunctions issued between 2003 and 2006 that were related to the overcrowded conditions at Avenal State Prison. The Court notes, however, that Defendants are only obligated to produce documents within their possession, custody, or control. The Court will not require Defendants to access legal databases such as Westlaw through their counsel to search for documents that are responsive to Plaintiff's request. However, Defendants must produce any court orders or decisions within their possession, custody or control, and other responsive court documents that they obtained during the course of their employment.

Defendants argue that Plaintiff is already in possession of any documents that are related to injunctions that were issued in class actions of which Plaintiff was a member. Specifically, Defendants assert that Plaintiff was a member of the class action in Plata v. Schwarzenegger, No. 3:01-cv-01351-TEH and has constructive access to any documents related to that litigation because he can request copies of those documents through his class counsel. The Court will not require Defendants to produce documents that are available to Plaintiff via less burdensome means.

The Court will order Defendants to provide a further response to Plaintiff's document production request. Defendant's objection to Production of Documents No. 7 on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence is overruled and to the

1  extent that Defendants have any documents in their possession, custody, or control that are
2  responsive to Plaintiff's request, they must produce them.  However, Plaintiff is advised that if
3  Defendants' assert that they are unable to locate any responsive documents or that no responsive
4  documents are in their possession, custody, or control, Plaintiff may not file a subsequent motion to
5  compel unless Plaintiff can identify a specific document that Defendants have withheld.  The Court
6  will not permit a party to challenge the other party's objections based on mere speculation.

7  The parties are cautioned that pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), a
8  party may be sanctioned for filing a motion to compel that lacks merit.

### III.  Conclusion and Order

The Court finds that Defendants' responses to Production of Documents No. 1-6 were proper. The Court will order Defendants to provide a further response to Request for Production of Documents No. 7. Defendants shall serve Plaintiff with their supplemental response within twenty (20) days of the date of service of this order. If Plaintiff elects to file a subsequent motion to compel, such motion must be filed within twenty (20) days of the date of service of Defendants' supplemental response.

Accordingly, Defendants are HEREBY ORDERED to provide Plaintiff with a further response to Production of Documents No. 7 within twenty (20) days of the date of service of this order.

IT IS SO ORDERED.

**Dated:    October 30, 2010**                    /s/ Sheila K. Oberto
                                                                    UNITED STATES MAGISTRATE JUDGE