# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LON CARTER, | CASE NO. 1:07-cv-01325-OWW-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION BE DENIED |
| v. | |
| WARDEN NICK DAWSON, et al., | (Doc. 67) |
| Defendants. | OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Lon Carter ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On August 9, 2010, Plaintiff filed a motion requesting a court order granting Plaintiff "Priority Legal Use" and law library access. (Doc. #67.) Plaintiff's motion will be construed as a request for a preliminary injunction.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A

1

1 party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by
2 evidence.  With respect to motions for preliminary injunctive relief or a temporary restraining order,
3 the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Plaintiff's motion does not contain any argument regarding whether he is likely to proceed on the merits of this action, whether he is likely to suffer irreparable harm in the absence of injunctive relief, whether the balance of equities tips in his favor, or whether the relief he seeks is in the public's interest.  Further, Plaintiff has not demonstrated that the relief he seeks is narrowly drawn, extends no further than necessary to correct the harm that requires relief, or that the relief requested is the least intrusive means necessary to correct any harm.  The Court will not interfere with the administration of the prison unless Plaintiff can demonstrate these requirements.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's request for preliminary injunctive relief be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 4, 2011**          /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE