# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LON CARTER, | CASE NO. 1:07-cv-01325-OWW-SMS |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| NICK DAWSON, et al., | (ECF Nos. 84, 85, 89, 101) |
| Defendants. | ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS |
| | (ECF Nos. 85, 96, 104) |
| | ORDER DENYING PLAINTIFF'S REQUESTS FOR JUDICIAL NOTICE |
| | (ECF Nos. 87, 88, 91) |
| | ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND GRANTING DEFENDANTS' MOTION TO BE RELIEVED OF OBLIGATION TO RESPOND TO FURTHER MOTIONS FOR JUDICIAL NOTICE UNLESS ORDERED BY COURT |
| | (ECF No. 94) |

I.  Procedural History

Plaintiff Lon Carter is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the complaint, filed September 11, 2007, against Defendants Dawson and Mendoza-Powers for unconstitutional conditions of confinement in violation of the Eighth Amendment. (ECF No. 1.) Plaintiff's complaint alleges that the institutional

1

policies of Defendants Dawson and Mendoza-Powers resulted in overcrowding, failure to conduct cleaning inspections, provide hot water, and implement infection protocols causing him to contact an infection in his knee which required surgery. Plaintiff filed a motion to compel on June 23, 2010. (ECF No. 49.) The Court issued an order partially granting Plaintiff's motion to compel on November 1, 2010. (ECF No. 79.)

Plaintiff filed a motion of certification and motion to compel production of documents on February 3, 2011. (ECF Nos. 84, 85.) On February 15 and 17, 2011, Plaintiff filed motions for judicial notice. (ECF Nos. 87, 88.) Defendants filed an opposition to the motion to compel on February 24, 2011. (ECF No. 89.) Plaintiff filed a request for judicial notice and second motion to compel on February 28, 2011. (ECF Nos. 91, 92.) Defendants filed a response to Plaintiff request for judicial notice on March 4, 2011, and a motion for a protective order on March 7, 2011. (ECF Nos. 93, 94.) Plaintiff filed a reply to Defendant's response to Plaintiff's request for judicial notice on March 17, 2011. (ECF No. 98. Defendants filed an opposition to Plaintiff's second motion to compel on March 21, 2011. (ECF No. 96.) Plaintiff filed an opposition to Defendants' motion for a protective order on March 22, 2011. (ECF No. 99.) Plaintiff filed a reply to Defendant's opposition to his motions to compel on April 7 and 18, 2011. (ECF Nos. 102, 104.)

II.     Motion to Compel

    A.     Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(A).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not meritorious.

Plaintiff brings this motion following denial of his previous motion to compel these same requests for production. Plaintiff argues that Defendants may not take advantage of his layman mistakes in grammar in failing to specifically identify a document. Since Plaintiff is proceeding pro se the Court will construe his requests liberally, however Plaintiff is still required to comply with the Rules of Civil Procedure.

     B.     <u>Plaintiff's Request for Production of Documents</u>

          1.     <u>Request for Production No. 1</u>

Plaintiff requested that Defendants provide the "documents for the Avenal State Prison Plant Operations Work Order for the lowering of the shower's complete hot water, for the complete months of July and August of 2006 for the facility six yard's building unit 650." (Motion to Compel 2, ECF No. 85.) Defendants responded that they had conducted a search for responsive documents and "could not locate any documents responsive to Plaintiff's request." (<u>Id.</u>)

<u>Plaintiff's Argument</u>: Plaintiff states that he has discovered a Plant Operations Work Request Form, CDCR 2184. The California Code of Regulations, Title 15 section 3291(a) requires all employees to enforce the laws, regulations, and procedures which govern the actions and activities of inmates. Plaintiff includes a blank Plant Operations Work Request form. (<u>Id.</u> 43.) Plaintiff argues that the existence of this form demonstrates that a work order would have been created and he requests the Court to order Defendants to produce the document.

<u>Defendants' Objection</u>: Defendants argue that this request was never properly served on Defendants. Although Plaintiff contends that this form would have been used to lower the water temperature in the shower, this form is only used when modifications to the physical plant of the prison require the expenditure of funds. Lowering the temperature of the shower water does not require a physical modification to the plant.

3

<u>Plaintiff's Reply</u>: Plaintiff responds that the request was properly served.  Defendants are required to supplement their discovery responses and therefore should be required to produce the requested document.  Plaintiff argues that Defendants' statement that the form he provided is used only when modifications to the physical plan of the prison require the expenditure of funds is "incorrect and very misleading." (Opp. 6, ECF No. 102.)  Each plant operator has a work crew that consists of assigned inmates.  The form requests "# of I/M" which represents the number of inmates that work on the project.  Defendants decision to reduce the heat and humidity in the building was a "structural alteration, change, improvement, or added reduction to the existing physical plant's water temperature " that could only have been accomplished by following procedure, which would have required completing the Plant Operations Work Request form.  (<u>Id.</u> at 7.)  Additionally, Plaintiff states that Defendants knew or should have known of the existence of this form and sanctions should be ordered for their failure to comply with his discovery request.

<u>Ruling</u>: Although Defendants argue that this discovery request was not properly served, the Court notes that this request was the subject of the prior motion to compel and the issue has previously been addressed by the parties.  The Court declines to reconsider the issue.

The CDCR form 2184 is titled "Plaint Operations Work Request."  The form has a section to include the "Work Requested" and states:

> Work requests involving construction, structural alterations, and/or changes, improvements, or additions to the existing physical plant require prior authorization, budgeting, and shall be accompanied by an attached memorandum stating justification for the requested work.  Request for locks and keys must be submitted via the Custody Office.  Requests for furniture repair are handled by Property Control.

Although Plaintiff is correct that the form appears to include a section to record the number of inmates assigned to the job and hours worked, his contention that the form would be required to lower the water temperature in the showers is pure speculation.  A review of the form itself would indicate that it applies to "work."  Defendants assertion that the form is used only when a physical modification of the plant requires an expenditure of funds is consistent with the wording of the form itself.  Contrary to Plaintiff's allegations, lowering the temperature of the water in the shower is not a structural alteration, change, or improvement to the existing facility.  Plaintiff's argument that

inmate work crew information is requested on the form fails to establish that the form is used for any purpose other than that stated by Defendants.

While some communication would be necessary to effectuate the change in water temperature the Court declines to accept Plaintiff's statement that Defendants would be required to use this form. Defendants have indicated that a search has been conducted and no responsive documents exist. No further response shall be ordered and Plaintiff's request for sanctions is denied.

2.      Request for Production No.2

Plaintiff requests that Defendants provide "discrepancies found during inspection documents, for the facility six yard 650 housing unit building for the twelve months for the complete year of 2006." (Defendants' Opp. 3, ECF No. 89.)

Plaintiff's Argument: Plaintiff argues that Defendants response to his discovery requests identified a Joint Voluntary Agreement ("JVA") and requirements set forth by OSHAB and CAL/OSHA in the exposure control plan that was implemented by the California Department of Corrections and Rehabilitation ("CDCR"). These documents provide uniform guidance and structure and contain the minimum requirements that CDCR must meet to comply with the JVA.

Defendants' Objection: Defendants object that the documents that Plaintiff is attempting to compel in this motion are not the documents requested in the request for production. A JVA is not an inspection report for Building 650.

Plaintiff's Reply: Plaintiff's responds that Defendants' response is evasive and incomplete. Plaintiff argues that because such operational procedures exist Defendants may not withhold the discovery from him. Additionally, Plaintiff states he

> only requested what Defendant's [sic] produced. Thus if there is/was no harm of defendant's [sic] production of the 12/01/10 amended response attachment 1 exhibit then in the equal since there is no harm of plaintiff's production request of the occurred events documentation that the defendant's [sic] 12/01/10 amended response attachment 1 was founded on, because plaintiff took defendant's [sic] 12/01/10 amended response and attachment at face value, and in good faith, to believe that a discovery of these documents could possibly/reasonably be calculated to head [sic] to the discovery of admissible evidence. . . .Defendant's [sic] knew exactly what the request was for 2003 and 2006 documents, and knew their memorandum events were issued in 2010.

Ruling: Plaintiff requested documentation of discrepancies found during inspection for

facility six yard 650 housing unit. The document he is now attempting to compel, the JVA, is not responsive to his request for production. Plaintiff may not use a motion to compel to obtain a document that he did not request in the request for production. Plaintiff's motion to compel Defendants to produce the JVA is denied.

###             3.       Plaintiff's Request for Production No. 3

Plaintiff requested the "attendance documents of each, and every officer sergeant, and lieutenant for days, grounds hazard check list narrative, and discrepancies inspection documents verifying their attendance for the days weeks months of the signed documents." (Opp. 4, ECF No. 89.)

Plaintiff's Argument: Defendants provided a response to his discovery request that building porters are supervised and housing unit inspections are routinely done by supervisory staff. Plaintiff attaches a three Judge order to reduce the prison population. Plaintiff states he is requesting the "special orders and orders issued to [CDCR] by the Occupational Safety and Health Appeals Board (OSHAB) in response to M.R.S.A. Exposure-Related CAL/OSHA citations and the special orders first issued at Folsom State Prison from January 1, 2003 to December 31, 2006." (Motion to Compel 10, ECF No. 85.)

Defendants' Objection: Plaintiff's request is for the scheduling information related to inspections of the physical plant. After a search was conducted Defendants were unable to locate inspection documents for 2003 through 2006 and therefore were unable to identify any responsive documents.

Plaintiff's Reply: Plaintiff responds that all the Court ordered him to do was identify a specific document that was withheld from him and he could request it be produced.

Ruling: Plaintiff appears to misunderstand the Courts order granting in part his motion to compel. The documents that Plaintiff must identify are documents that would be responsive to the request for production. He may not now identify a document and insert the request in an unrelated request for production. The special orders he is now requesting are not attendance documents of employees requested in his original request for production. Plaintiff's request for further production is denied.

4.      Request for Production No. 4

Plaintiff requested any policy, manual section, regulation, or any state or federal law requiring that Plaintiff be provided with hot water.

Plaintiff's Argument: Plaintiff requests that Defendants provide the 2005 Adult Title 24 Regulations Minimum Standards for Local Detention Facilities.

Defendants' Objection: Defendants object that Plaintiff is requesting building codes related to the construction of City or County jails. The regulations are not relevant and Plaintiff can request the codes from the Office of Administrative Law.

Plaintiff's Reply: Plaintiff argues that the same building codes that apply to City or County jails would apply to prisons.

Ruling: While Plaintiff's allegations in this action are that he was not provided with hot water, the Court fails to see how the building codes regulations would be reasonably calculated to lead to discovery of admissible evidence in Plaintiff's claims in this action. Additionally, the information requested is equally accessible to Plaintiff by contacting the Office of Administrative Law. Defendant will not be ordered to provide further responses to the request for production.

5.      Request for Production No. 5

Plaintiff requests the local operational procedure protocol for inmate man down custody situations.

Plaintiff's Argument: Plaintiff requests the special order issued by the California Occupational Safety and Health Appeals Board on June 9, 2009, to the CDCR in response to M.R.S.A. Exposure-Related CAL/OSHA citations. Plaintiff argues that this document will lead to the discovery of evidence that supports his claim that the prison was unsanitary because these orders were issued reflecting the JVA setting forth requirements for CDCR. Plaintiff appears to argue that since an informational notice was directed to Avenal inmates setting forth sanitary procedures and that discovery responses indicated that cleaning supplies have been increased it proves that conditions were unsanitary at the time of the incidents alleged in the complaint. (Motion to Compel 20-21, ECF No. 85.)

Defendants' Objection: Defendants state that Plaintiff's request was understood to be a

7

request for procedures for staff response to an inmate with a medical emergency. Plaintiff is arguing that "under custody" has the same meaning as "alerted situation." This is clearly not the same thing. Plaintiff is now requesting the Local Operational Procedure for MRSA. No request for production of this document was propounded. Counsel will provide any documents related to MRSA that are discovered during the investigation of this action.

Plaintiff's Reply: Plaintiff argues that health care staff do not have an established protocol procedure to clean inmate housing. The Second Level Appeal Response by Defendants proves that the operational procedure alerted man down protocol is the same local operational procedure for the sanitation cleaning procedure for inmate unit housing. The document states:

> Cleaning supplies have been increased and the building porters are supervised to ensure maintenance of safe and sanitary conditions within the living units in order to diminish the potential for illness. Housing unit inspections are routinely conducted by supervisory staff to ensure cleanliness.

The 2008 Grand Jury finding and recommendation proves that Avenal State Prison did not have an existing M.R.S.A. policy until sometime after 2008.

Ruling: Plaintiff's original request for the local operational procedure for inmate man down was denied as not reasonably calculated to lead to admissible evidence. Plaintiff's current request for the special order issued by the California Occupational Safety and Health Appeals Board on June 9, 2009, to the CDCR in response to M.R.S.A. Exposure-Related CAL/OSHA citations is clearly not what was requested in the request for production propounded.

Plaintiff attempts to link the man down policy to the informational notice and increase in cleaning supplies to argue that the policy is the same as that he has requested. Plaintiff's argument that the policy he is requesting is the same as the policy to clean inmate housing is disingenuous at best. Plaintiff's request for further production of documents is denied.

### 6.  Request for Production No. 6

The request for production that Plaintiff identifies as request No. 6, Defendants state was actually Request for Production No. 1. Plaintiff requested "Avenal State Prison memorandum to staff and inmates from 2003 to December of 2006 on the subject of M.R.S.A." (Motion to Compel 14, ECF No. 14.)

Plaintiff's Argument: Plaintiff argues that Defendants response is evasive and incomplete

8

because they reference attachment No. 3 which was not attached.

Defendants' Objection: Defendants respond that Plaintiff does not understand the supplemental response to his requests. Attachment No. 3 was previously provided to Plaintiff.

Plaintiff's Reply: Plaintiff argues that Defendants' response is incomplete because the document provided does not contain a date. Defendants did have to re-serve attachment No. 3 when they supplemented their responses.

Ruling: Plaintiff is incorrect that Defendants would be required to provide documents previously given to him in response to a request for production. Plaintiff objects that the document does not contain a date, but offers no evidence that any date was on the original document or that it was altered in any manner. Plaintiff may not command that a document state what he wants it to state. The Court finds that Defendants have provided documents responsive to this request and no further production is ordered.

7.      Request for Production No. 7

Plaintiff requests court ordered injunctions for the "over crowded" conditions at Avenal State Prison.

Plaintiff's Argument: Plaintiff objects to the court order provided by Defendants because it does not state that it is an injunction. He is requesting Senate Bill S-B-42, "CDCR reduce its mid 80's general population."

Defendants' Objection: Defendants reply that they provided the order in the Plata v. Swhwarzenegger litigation. The Three Judge Court order in Plata, Governor's Proclamation on overcrowding, and the Memoradum related to the JVA have been provided in response to the Court's prior order. Defendants have made an inquiry with Plata counsel and are unaware of any other court orders concerning overcrowding.

Plaintiff's Reply: Plaintiff argues that Defendants have not satisfied the order of the Court by their inquiry with other counsel as to the existence of other injunctions related to overcrowding. Defendants argument that a court order to reduce the prison population is an injunction proves that they did not do an adequate investigation because the 2008 grand jury review of the mandated cap on inmate population would be an injunction that was not provided in response to his request.

<u>Ruling</u>: The Court fails to find that Defendants have not adequately investigated. The Court is not persuaded by Plaintiff's argument that the existence of the 2008 grand jury review is an injunction that demonstrates that Defendants have not conducted a sufficient investigation. The grand jury review of a prior order is not an injunction. Neither the grand jury order nor the Senate Bill fall within the discovery propounded by Plaintiff and ordered by the Court. If Plaintiff is aware of any discovery that has not been provided he needed to bring such to the attention of the Court. Plaintiff's request for further production of documents is denied.

III.     <u>Plaintiff's Second Motion to Compel</u>

Plaintiff filed a second motion on February 28, 2011, moving to compel Defendants to produce the Avenal State Grand Jury findings of 2008. Plaintiff does not identify a request for production number, but states that Defendants were ordered to produce all injunctions issued between 2003 and 2006 that were related to overcrowded conditions at Avenal State Prison and alleges that Defendants withheld this document during discovery. The Court construes this to be Request for Production No. 7.

Defendants argue that the second motion to compel is untimely as it was filed three weeks after the court ordered deadline to file his motion to compel. Additionally, Defendants point out that a grand jury report is not a court ordered injunction and the document requested was created in 2008, beyond the time frame ordered in the production of documents.

Although Plaintiff concedes that his motion was filed beyond the court ordered deadline, he argues that his motion is not untimely as the court ordered deadline was for further motions to compel based upon the denial of his motion filed January 30, 2011. Plaintiff argues that he was able to bring other motions to compel. Additionally, if Defendants are correct that his motion is untimely, the Court allowed Plaintiff to bring a motion to compel if he discovered that Defendants withheld a document responsive to his requests. Plaintiff also asserts that he had good cause to bring a late motion because he does not have access to a computer and he was preparing pleadings in an action proceeding in Kings County Superior Court.

On November 1, 2010, an order issued partially granting Plaintiff's motion to compel. (ECF No. 79.) Plaintiff was granted leave to file a motion to compel within twenty days of service of

Defendants response. On January 4, 2011, the Court granted Plaintiff a thirty day extension of time to file a motion to compel. (ECF No. 83.) Plaintiff filed this motion to compel on February 28, 2011. (ECF No. 92.)

Plaintiff is incorrect that the thirty day deadline was only for motions to compel resulting from the order granting his prior motion and therefore he could bring other motions to compel. Pursuant to the order issued on July 16, 2010, discovery in this action closed on August 16, 2010, and all motions to compel had to be filed by that date. (ECF No. 52.) Additionally, the Court order informing him that he could bring a motion to compel if he discovered that responsive documents had been withheld was not an open ended opportunity to file additional motions to compel. Any such motion had to be filed within the time frame set by the Court. Finally, neither Plaintiff's limited access to a computer or his time being occupied by preparing pleadings in other cases constitute good cause to excuse his failure to comply with the time lines established by the Court. The Court will deny Plaintiff's motion as untimely.[1]

IV.     Plaintiff's Requests for Judicial Notice

Plaintiff has filed three requests for the Court to take judicial notice. Judicial notice of adjudicative facts is governed by Federal Rule of Evidence 201. Under Rule 201, a Court may take judicial notice of facts not subject to reasonable dispute because they are "generally known within the territorial jurisdiction of the trial court" or are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Plaintiff's request filed on February 15, 2011, requests the Court take judicial notice of his inmate appeal and response by prison officials. (ECF No. 87.) Plaintiff's request filed February 17, 2011, requests the Court take judicial notice of an informational order provided to inmates by Defendants and he includes his inmate appeal and response by prison officials. (ECF No. 88.) Plaintiff's request filed February 28, 2011, requests the Court take judicial notice of the prior order partially granting Plaintiff's motion to compel. (ECF No. 91.)

Defendants object to Plaintiff's request for judicial notice of his inmate appeal. (ECF No.

---

[1] Plaintiff is informed that even had the motion to compel been timely the documents that he is requesting are not responsive to his request for production. The document requested is not an injunction and does not fall within the time frame that Defendants were ordered to produce responsive documents.

11

93.) Defendants argue that it is unclear why Plaintiff requests judicial notice of this document and if it is for the purpose of showing that he exhausted administrative remedies the document is not sufficient for that purpose. Plaintiff's reply states that on the face the administrative appeal shows that the appeal was exhausted and the request supports his motion to compel. (ECF No. 98.)

The administrative appeal and information order are not documents that are not subject to reasonable dispute because they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The statements made in the administrative appeal and informational order are not subject to judicial notice because the contents are subject to dispute.

While "[j]udicial notice may be taken at any stage of the proceeding," Fed. R. Evid. 201(f), the Court will not take judicial notice of matters in a vacuum. The request must be made in conjunction with a proceeding or filing in which it would be appropriate to take judicial notice of the matters requested. Plaintiff's motion to compel is not such a proceeding. There is currently no evidentiary proceeding before the Court in which the offering of adjudicative facts via a request for judicial notice is appropriate (e.g., a motion for summary judgment or trial). Additionally, while the court may take judicial notice of court records, Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981), the Court is aware of its prior order in this action and Plaintiff's request for judicial notice is unnecessary. Therefore, Plaintiff's requests for judicial notice shall be denied.

V.      Defendants' Motion for a Protective Order

Defendants move to have the Court issue a protective order contending that Plaintiff's motions for judicial notice are without merit and are not appropriate in the context of a motion to compel. (ECF No. 94.) Defendants contend that Plaintiff's request for judicial notice are not necessary and responding to them individually is burdensome. Because motions for judicial notice can be filed at any time there is nothing preventing Plaintiff from filing these unnecessary motions for the purpose of harassing Defendants. Defendants' request that the Court issue a protective order prohibiting Plaintiff from filing any further requests for judicial notice, or in the alternative, order that Defendants are not required to file a response unless ordered by the Court.

Plaintiff objects to the motion for a protective order. Plaintiff argues that he has a right to litigate this action that alleges a violation of his federal rights and Defendants have not shown good cause or that responding to his requests is an undue burden of expense pursuant to Fed. R. Civ. P. 26(c).

"Upon motion by a party or by the person from whom discovery is sought . . . , and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). While Plaintiff does have a right to litigate this action, the Court notes that he has filed six requests for judicial notice that have been denied by the Court during the pendency of this action.[2] Defendants' motion for a protective order prohibiting Plaintiff from filing any more requests for judicial notice will be denied. However, based upon Plaintiff's practice of filing multiple individual requests for judicial notice, Defendants will be relieved of the obligation to respond to any notice or motion for judicial notice filed by Plaintiff in this action, unless the Court issues an order requiring a response.

VI.     Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel filed February 3, 2011, is DENIED;

2. Plaintiff's second motion to compel filed February 28, 2011, is DENIED;

3. Defendants' motion for a protective order filed March 7, 2011, is DENIED;

4. Plaintiff's requests for judicial notice filed February 15, 17, and 28, 2011, are DENIED; and

5. Defendants are relieved of the obligation to respond to any notice or motion for judicial notice filed by Plaintiff in this action, unless the Court issues an order requiring a response.

IT IS SO ORDERED.

**Dated:    May 9, 2011**                            /s/ Sandra M. Snyder

---

[2] On May 4, 2010, the Court issued an order denying three requests for judicial notice. (ECF No. 47.)

UNITED STATES MAGISTRATE JUDGE