1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   LON CARTER,                                    CASE NO. 1:07-cv-01325-OWW-SMS

10                          Plaintiff,

11        v.                                       ORDER DENYING PLAINTIFF'S MOTION TO
                                                   COMPEL
12   NICK DAWSON, et al.,                          (ECF Nos. 92, 96)

13                          Defendants.
     _____/
14

15        Plaintiff Lon Carter is a state prisoner proceeding pro se in this civil rights action pursuant

16   to 42 U.S.C. § 1983.  This action is proceeding on the complaint, filed September 11, 2007, against

17   Defendants Dawson and Mendoza-Powers for unconstitutional conditions of confinement in

18   violation of the Eighth Amendment.  (ECF No. 1.)  Plaintiff's complaint alleges that the institutional

19   policies of Defendants Dawson and Mendoza-Powers resulted in overcrowding, failure to conduct

20   cleaning inspections, provide hot water, and implement infection protocols causing him to contact

21   an infection in his knee which required surgery.  Plaintiff filed a request for judicial notice and

22   second motion to compel on February 28, 2011.  (ECF Nos. 91, 92.)  Defendants filed an opposition

23   on March 21, 2011.  (ECF No. 96.)

24        "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

25   party's claim or defense. . . .  Relevant information need not be admissible at the trial if the discovery

26   appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P.

27   26(b)(1).  The responding party is obligated to respond to the interrogatories to the fullest extent

28   possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ.

1

P. 33(b)(4). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(A).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not meritorious.

Plaintiff filed a second motion on February 28, 2011, moving to compel Defendants to produce the Avenal State Grand Jury findings of 2008. Plaintiff does not identify a request for production number, but states that Defendants were ordered to produce all injunctions issued between 2003 and 2006 that were related to overcrowded conditions at Avenal State Prison and alleges that Defendants withheld this document during discovery. The Court construes this to be Request for Production No. 7.

Defendants argue that the second motion to compel is untimely as it was filed three weeks after the court ordered deadline to file his motion to compel. Additionally, Defendants point out that a grand jury report is not a court ordered injunction and the document requested was created in 2008, beyond the time frame ordered in the production of documents.

Although Plaintiff concedes that his motion was filed beyond the court ordered deadline, he argues that his motion is not untimely as the court ordered deadline was for further motions to compel based upon the denial of his motion filed January 30, 2011. Plaintiff argues that he was able to bring other motions to compel. Additionally, if Defendants are correct that his motion is untimely, the Court allowed Plaintiff to bring a motion to compel if he discovered that Defendants withheld a document responsive to his requests. Plaintiff also asserts that he had good cause to bring a late motion because he does not have access to a computer and he was preparing pleadings in an action proceeding in Kings County Superior Court.

2

1      On November 1, 2010, an order issued partially granting Plaintiff's motion to compel. (ECF

2 No. 79.) Plaintiff was granted leave to file a motion to compel within twenty days of service of

3 Defendants response. On January 4, 2011, the Court granted Plaintiff a thirty day extension of time

4 to file a motion to compel. (ECF No. 83.) Plaintiff filed this motion to compel on February 28,

5 2011. (ECF No. 92.)

6      Plaintiff is incorrect that the thirty day deadline was only for motions to compel resulting

7 from the order granting his prior motion and therefore he could bring other motions to compel.

8 Pursuant to the order issued on July 16, 2010, discovery in this action closed on August 16, 2010,

9 and all motions to compel had to be filed by that date. (ECF No. 52.) Additionally, the Court order

10 informing him that he could bring a motion to compel if he discovered that responsive documents

11 had been withheld was not an open ended opportunity to file additional motions to compel. Any

12 such motion had to be filed within the time frame set by the Court. Finally, neither Plaintiff's

13 limited access to a computer or his time being occupied by preparing pleadings in other cases

14 constitute good cause to excuse his failure to comply with the time lines established by the Court.

15 The Court will deny Plaintiff's motion as untimely.[1]

16      Accordingly, it is HEREBY ORDERED that Plaintiff's second motion to compel filed

17 February 28, 2011, is DENIED.

19 IT IS SO ORDERED.

20 **Dated:   June 1, 2011**          **/s/ Sandra M. Snyder**
                       UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is informed that even had the motion to compel been timely the documents that he is requesting are not responsive to his request for production. The document requested is not an injunction and does not fall within the time frame that Defendants were ordered to produce responsive documents.

3