# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LON CARTER,<br><br>             Plaintiff,<br><br>    v.<br><br>NICK DAWSON, et al.,<br><br>             Defendants. | CASE NO. 1:07-cv-01325-AWI-BAM PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF No. 129) |

    Plaintiff Lon Carter is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the complaint, filed September 11, 2007, against Defendants Dawson and Mendoza-Powers for unconstitutional conditions of confinement in violation of the Eighth Amendment. (ECF No. 1.) Plaintiff's complaint alleges that the institutional policies of Defendants Dawson and Mendoza-Powers resulted in overcrowding, failure to conduct cleaning inspections, provide hot water, and implement infection protocols causing him to contact an infection in his knee which required surgery.

    On September 19, 2011, Defendants filed a motion for summary judgment. (ECF No. 119.) Plaintiff filed a motion for an extension of time to file an opposition and on October 12, 2011, the Court granted Plaintiff thirty days in which to file an opposition to the motion for summary judgment. (ECF Nos. 121, 122.) On November 4, 2011, Plaintiff filed a motion to show cause arguing that Defendants motion included irrelevant information from his central file. (ECF No. 124.) Plaintiff did not address any of Defendants' argument submitted in the motion for summary judgment. On November 8, 2011, Defendants filed a response to Plaintiff's motion to show cause

1 arguing that the documents were presented to show that Plaintiff had received four tattoos while he
2 was incarcerated which is the likely cause of his MRSA infection. (ECF No. 125.)

3       On November 28, 2011, the Court denied Plaintiff's motion for appointment of an expert
4 witness which was filed on November 21, 2011. (ECF Nos. 126, 127.) Plaintiff filed an opposition
5 to Defendants' response to the motion to show cause on December 1, 2011, arguing that the
6 declaration of Lonnie Hanson does not declare any formal education or training and should be
7 denied. (ECF No. 128.) Plaintiff again failed to address any of the arguments set forth in the motion
8 for summary judgment. On December 22, 2011, an order to show cause why this action should not
9 be dismissed for Plaintiff's failure to comply with a court order issued. (ECF No. 129.) Plaintiff
10 was ordered to respond to the order to show cause within fifteen days. More than fifteen days have
11 passed and Plaintiff has failed to respond to the Court's order. Plaintiff was warned that failure to
12 respond would result in this action being dismissed, with prejudice for failure to comply with a court
13 order.

14       The Court has the inherent power to control its docket and may, in the exercise of that power,
15 impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles
16 County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure
17 to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious
18 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
19 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability
20 of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d
21 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court
22 in deciding what to do, and are not conditions that must be met in order for a court to take action.
23 Id. (citation omitted).

24       "'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.
25 (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action
26 has been pending more than four years. Plaintiff is obligated to comply with the Federal Rules of
27 Civil Procedure, the Local Rules, and court orders. Plaintiff failed to comply with the order
28 requiring him to respond to Defendants' motion for summary judgment and the order to show cause.

1  The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the
2  first and second factors weigh in favor of dismissal.
3       Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and
4  of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the
5  risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's
6  failure to comply the Court's order that is causing delay. Therefore, the third factor weighs in favor
7  of dismissal.
8       As for the availability of lesser sanctions, at this stage in the proceedings there is little
9  available to the Court which would constitute a satisfactory lesser sanction while protecting the
10 Court and the State of California from further unnecessary expenditures of their scare resources.
11 Plaintiff is proceeding pro se and is a prisoner, making monetary sanctions likely of little use, and
12 given this stage of the proceedings, the preclusion of evidence or witnesses is likely to have no effect
13 on a plaintiff who has ceased litigating the case.
14      Finally, because public policy favors disposition on the merits, this factor usually weighs
15 against dismissal. Id. at 643. However, "this factor lends little support to a party whose
16 responsibility it is to move a case toward disposition on the merits but whose conduct impedes
17 progress in that direction," as is the case here. In re Phenylpropanolamine (PPA) Products Liability
18 Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted).
19      Based on Plaintiff's failure to comply to with or otherwise respond to the Court's orders, the
20 Court is left with no alternative but to dismiss the action for failure to prosecute. In re PPA, 460
21 F.3d at 1228. This action, which has been pending since 2007, can proceed no further without
22 Plaintiff's cooperation and compliance with court orders, and the action cannot simply remain idle
23 on the Court's docket, unprosecuted, and Plaintiff has failed to comply with two orders directing him
24 to respond. Id.
25 ///
26 ///
27 ///
28 ///

Accordingly, it is HEREBY ORDERED that:

1. This action is dismissed, with prejudice, for Plaintiff's failure to prosecute; and
2. All pending motions are terminated.

IT IS SO ORDERED.

Dated:   February 4, 2012

CHIEF UNITED STATES DISTRICT JUDGE

4