UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LON CARTER,<br><br>    Plaintiff,<br><br>    v.<br><br>NICK DAWSON, et al.,<br><br>    Defendants. | Case No.: 1:07-cv-01325-AWI-BAM PC<br><br>**NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' SUMMARY JUDGMENT MOTION**<br>(ECF No. 141) |

Plaintiff Lon Carter ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Defendants filed a motion for summary judgment on September 15, 2011.  Pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the Court hereby notifies Plaintiff of the following rights and requirements for opposing the motion for summary judgment:

1. Unless otherwise ordered, all motions for summary judgment are briefed pursuant to Local Rule 230(l).

2. Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion for summary judgment.  Local Rule 230(l).  If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute.

1

1  The opposition or statement of non-opposition must be filed not more than 30 days after the date of
2  service of this notice.

3      3. A motion for summary judgment is a request for judgment on some or all of Plaintiff's
4  claims in favor of Defendants without trial. Fed. R. Civ. P. 56(a). Defendants' motion sets forth the
5  facts which they contend are not reasonably subject to dispute and that entitle them to judgment as a
6  matter of law. Fed. R. Civ. P. 56(c). This is called the Statement of Undisputed Facts. Local Rule
7  260(a).

8      Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion,
9  Plaintiff must show proof of his claims. Plaintiff may agree with the facts set forth in Defendants'
10 motion, but argue that Defendants are not entitled to judgment as a matter of law.

11     In the alternative, if Plaintiff does not agree with the facts set forth in Defendants' motion, he
12 may show that Defendants' facts are disputed in one or more of the following ways: (1) Plaintiff may
13 rely upon statements made under the penalty of perjury in the complaint or the opposition if (a) the
14 complaint or opposition shows that Plaintiff has personal knowledge of the matters stated and (b)
15 Plaintiff calls to the Court's attention those parts of the complaint or opposition upon which Plaintiff
16 relies; (2) Plaintiff may serve and file declarations setting forth the facts which Plaintiff believes prove
17 his claims;[1] (3) Plaintiff may rely upon written records, but Plaintiff must prove that the records are
18 what he claims they are;[2] or (4) Plaintiff may rely upon all or any part of the transcript of one or more
19 depositions, answers to interrogatories, or admissions obtained in this proceeding. Should Plaintiff fail
20 to contradict Defendants' motion with declarations or other evidence, Defendants' evidence will be
21 taken as truth, and final judgment may be entered without a full trial. Fed. R. Civ. P. 56(e).

---

[1]  A declaration is a written statement setting forth facts (1) which are admissible in evidence, (2) which are based on the personal knowledge of the person giving the statement, and (3) to which the person giving the statement is competent to testify. 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c)(4). A declaration must be dated and signed under penalty of perjury as follows: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746.

[2]  Sworn or certified copies of all papers referred to in the declaration must be included and served on the opposing party. Fed. R. Civ. P. 56(e).

In opposing Defendants' motion for summary judgment, Local Rule 260(b) requires Plaintiff to reproduce Defendants' itemized facts in the Statement of Undisputed Facts and admit those facts which are undisputed and deny those which are disputed. If Plaintiff disputes (denies) a fact, Plaintiff must cite to the evidence used to support that denial (e.g., pleading, declaration, deposition, interrogatory answer, admission, or other document). Local Rule 260(b).

4. If discovery has not yet been opened or if discovery is still open and Plaintiff is not yet able to present facts to justify the opposition to the motion, the Court will consider a request to postpone consideration of Defendants' motion. Fed. R. Civ. P. 56(d). Any request to postpone consideration of Defendants' motion for summary judgment must include the following: (1) a declaration setting forth the specific facts Plaintiff hopes to elicit from further discovery, (2) a showing that the facts exist, and (3) a showing that the facts are essential to opposing the motion for summary judgment. <u>Blough v. Holland Realty, Inc.</u>, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); <u>Tatum v. City and County of San Francisco</u>, 441 F.3d 1090, 1100-01 (9th Cir. 2006); <u>State of California v. Campbell</u>, 138 F.3d 772, 779 (9th Cir. 1998). The request to postpone the motion for summary judgment must identify what information is sought and how it would preclude summary judgment. <u>Blough</u>, 574 F.3d at 1091 n.5; <u>Tatum</u>, 441 F.3d at 1100-01; <u>Margolis v. Ryan</u>, 140 F.3d 850, 853 (9th Cir. 1998); Local Rule 260(b).

5. Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

6. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

IT IS SO ORDERED.

Dated:   August 15, 2013                           _____
                                                    SENIOR  DISTRICT  JUDGE

3