UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LON CARTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NICK DAWSON, et al.,<br><br>　　　　　Defendants. | Case No.: 1:07-cv-01325-AWI-BAM PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT<br>(ECF No. 141) |

　　　　Plaintiff Lon Carter ("Plaintiff") is a state prisoner proceeding pro se in this closed civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 11, 2007. Following screening, the action proceeded on Plaintiff's complaint against Defendants Dawson and Mendoza-Powers for unconstitutional conditions of confinement in violation of the Eighth Amendment. (ECF Nos. 1, 6, 9.) Judgment was entered and this case was closed on February 6, 2012. (ECF No. 130, 131.) Following an unsuccessful appeal, Plaintiff filed the instant motion for relief from judgment on February 11, 2013. (ECF No. 141.) Defendants' opposed the motion on March 4, 2013, and Plaintiff replied on March 22, 2013. (ECF Nos. 142, 143.) The matter is deemed submitted pursuant to Local Rule 230(l).

**I.　　Procedural Background**

　　　　On September 15, 2011, Defendants filed a motion for summary judgment. (ECF No. 119.) On October 6, 2011, Plaintiff requested an extension of time to file an opposition to Defendants'

1

motion for summary judgment because the prison library was "closed until further notice." (ECF No. 121, p. 2.) On October 12, 2011, the Court granted Plaintiff thirty days to file a response to the motion for summary judgment. (ECF No. 122.)

Plaintiff did not file an opposition. Instead, Plaintiff filed a "motion to show cause" regarding the relevance of Exhibit D to the Declaration of Lonnie Hansen in support of Defendants' motion for summary judgment. (ECF No. 124.) Plaintiff also filed a motion for the appointment of an expert witness, which the Court denied on November 28, 2011. (ECF Nos. 126, 127.)

On December 22, 2011, based on Plaintiff's failure to file an opposition, the Court issued an order to show cause why the action should not be dismissed with prejudice for failure to obey the Court's order. The Court granted Plaintiff fifteen days to respond to the order and warned Plaintiff that his failure to respond would result in dismissal of the action with prejudice. (ECF No. 129.)

Plaintiff did not respond to the order to show cause or otherwise contact the Court. Accordingly, on February 6, 2012, more than forty-five (45) days after issuing the show cause order, the Court dismissed the action, with prejudice, for Plaintiff's failure to comply with court orders and failure to prosecute this action. (ECF No. 130.) The Clerk of the Court entered judgment and the action was closed. (ECF No. 131.)

On February 21, 2012, Plaintiff filed a notice of appeal, which was processed to the Ninth Circuit Court of Appeals. Plaintiff claimed that he had never received this Court's December 22, 2011, dismissal notice. (ECF Nos. 132, 133.) On May 9, 2012, the Ninth Circuit Court of Appeals denied Plaintiff's motion to proceed in forma pauperis based on a finding that the appeal was frivolous. (ECF No. 136.) Plaintiff paid the appellate fees on May 30, 2012. (ECF No. 137.) Thereafter, on August 7, 2012, the Ninth Circuit summarily affirmed this Court's judgment. (ECF No. 138.) Plaintiff sought reconsideration of the Ninth Circuit's decision. The reconsideration request reportedly contained new evidence indicating that Plaintiff did not receive this Court's December 22, 2011 order to show cause. The Ninth Circuit directed defendants-appellees to file and serve a response to the motion for reconsideration. (ECF No. 139.) On January 3, 2013, the Ninth Circuit denied Plaintiff's motion for reconsideration without prejudice to the filing of a motion for relief from judgment with the district court pursuant to Fed. R. Civ. P. 60(b). (ECF No. 140.)

1    Following the Ninth Circuit's denial of his request for reconsideration, Plaintiff filed his
2    motion for relief from the dismissal judgment pursuant to Federal Rule of Civil Procedure 60(b).
3    Plaintiff bases his request for relief on the grounds that he did not receive the Court's December 12,
4    2011 order to show cause.  (ECF No. 141.)

## II.    Legal Standard

Federal Rule of Civil Procedure 60(b) governs reconsideration of final orders of the district court.  Rule 60(b) allows a district court to relieve a party from a final judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time and, in any event "no more than a year after the entry of the judgment or order or the date of the proceeding."  Id.

In seeking reconsideration, Local Rule 230(j) requires a party to show what "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir.1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir.1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir.1987).

## III.    Discussion

Plaintiff contends that he is entitled to relief from the Court's dismissal judgment because he did not receive the Court's December 22, 2011 order to show cause.  Plaintiff presents evidence that the prison facility mail room did not receive the order and it was never forwarded to Plaintiff.  (ECF No. 141, Ex. A.)  Plaintiff argues that if he received the Court's show cause order, he would have responded within fifteen (15) days.  Plaintiff also argues that there is no basis to dismiss this action for failure to prosecute because he responded to Defendants' motion for summary judgment.  Plaintiff

3

1 asserts that the Court abused its discretion by dismissing the action for failure to prosecute without
2 providing him the opportunity to show why the action should not be dismissed.
3     Defendants counter that Plaintiff's motion to set aside the dismissal judgment should be denied
4 because Plaintiff has not offered any explanation for his failure to oppose Defendants' motion for
5 summary judgment.  Although Plaintiff requested an extension of time to file an opposition to the
6 motion for summary judgment, which was granted, Plaintiff failed to file an opposition that conformed
7 to the requirements of Rule 56 of the Federal Rules of Civil Procedure and the Local Rules.  Instead,
8 Plaintiff filed a motion collaterally attacking Defendants' Exhibit D on November 8, 2011.  (ECF No.
9 124.)  In that motion, Plaintiff acknowledged that he had requested an extension of time to file his
10 opposition, and that the new due date was November 14, 2011.  (ECF No. 124, p. 2.)  Instead of
11 meeting that deadline, Plaintiff filed a motion for the appointment of an expert witness, which the
12 Court denied on November 28, 2011.  (ECF No. 127.)  Defendants further argue that if Plaintiff had
13 not received the Court's order to show cause, he should have notified the Court immediately when the
14 judgment was entered, rather than taking an appeal to the Ninth Circuit.
15     In his reply, Plaintiff contends that he did not fail to comply with a court order or fail to
16 prosecute this action.  First, Plaintiff claims that if he had received the Court's show cause order he
17 would have responded.  Second, Plaintiff claims that he "did oppose the summary judgment,"
18 although it did not conform to Federal Rule of Civil Procedure 56.  (ECF No. 143, pp. 4, 5.)  Third,
19 Plaintiff claims that he did not immediately contact this Court because he was entitled to appeal
20 following the entry of judgment.  (ECF No. 143, p. 6.)  Fourth, and finally, Plaintiff contends that he
21 has a right to be heard.
22     The Court has considered the parties' arguments and finds it appropriate to relieve Plaintiff
23 from the entry of final judgment in this action.  If Plaintiff had received the Court's show cause order,
24 then he would have had an opportunity to respond and to avoid dismissal on grounds that he failed to
25 prosecute and failed to comply with the Court's orders.  Granting relief from dismissal judgment in
26 this action comports with the public policy favoring disposition of actions on their merits.  The Court
27 recognizes that Plaintiff failed to file a substantive opposition to the motion for summary judgment in
28 compliance with Federal Rule of Civil Procedure 56.  However, a review of the record suggests that

Plaintiff did not have full and complete notice of those requirements at the time of his response. Accordingly, Plaintiff shall be provided with the requirements for opposing Defendants' motion for summary judgment and shall be granted thirty (30) days from the date of service of this order to file an opposition that complies with Federal Rule of Civil Procedure 56. If Plaintiff fails to comply with this order or if he fails to file a substantive opposition to Defendants' motion for summary judgment, this action will be dismissed for failure to comply with Court orders and for failure to prosecute this action.

Based on the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for relief from dismissal judgment, filed on February 11, 2013, is GRANTED;
2. The order dismissing this action and the final judgment entered on February 6, 2011, are VACATED;
3. The Clerk of this Court is DIRECTED to reopen this action;
4. Plaintiff SHALL FILE an opposition to Defendants' motion for summary judgment within thirty (30) days of the date of this order. By separate order, Plaintiff shall be notified of the requirements for opposing Defendants' motion for summary judgment;
5. **Plaintiff's failure to comply with this order will result in dismissal of this action with prejudice**;
6. This action is referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:  August 15, 2013                    _____
                                                                    SENIOR DISTRICT JUDGE