UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LON CARTER,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>WARDEN NICK DAWSON, et al.,<br><br>　　　　　Defendants | CASE NO. 1:07-CV-1325 AWI BAM<br><br>ORDER ON DENYING MOTION<br><br>(Doc. No. 188) |

　　On March 6, 2015, the Court adopted a Findings and Recommendation that *inter alia* recommending granting Defendants' motion for summary judgment and closing the case. See Doc. No. 182. The same day, judgment was entered and the case was closed. See Doc. No. 183.

　　On March 16, 2015, Plaintiff filed a notice of appeal. See Doc. No. 184. The appeal was processed to the Ninth Circuit on March 25, 2015. See Doc. No. 185. The Case Number in the Ninth Circuit for Plaintiff's appeal is 15-15575. See Doc. No. 186.

　　On April 6, 2015, Plaintiff filed a document entitled "Motion for new trial, rehearing, and reconsideration." Doc. No. 188. This motion addresses the Court's order adopting the Findings and Recommendation, as well as the analysis within the Findings and Recommendation that was adopted. See id. However, the motion also states that Plaintiff "now appeals," and "Pursuant to [Plaintiff's] issues contained in his notice of appeal, Plaintiff raises the following issue . . . ." Id. at p.2.

　　It is not clear what Plaintiff's motion is. The language regarding "appeal," combined with the fact that a notice of appeal was filed prior to the filing of this motion, indicate that Plaintiff

may have mistakenly filed what he intended to be an appellate brief in this Court. Accepting the "motion" as a misfiled appellate brief, the motion is of no effect as this Court is not the appellate court. Moreover, a review of the Ninth Circuit docket shows that Plaintiff has submitted his opening brief. See Ninth Circuit Docket Doc. No. 14 in Case No. 15-15575.

Alternatively, if Plaintiff intends his motion to be a Rule 59(e) motion, his not entitled to relief.[1] Relief under Rule 59(e) is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003). This standard is a "high hurdle." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). Plaintiff has not shown a change in controlling law, submitted newly discovered evidence, or shown that the Court committed clear error or that its decision was manifestly unjust. See Dixon, 336 F.3d at 1022. Instead, Plaintiff reiterates previously rejected arguments and expresses his disagreement with the Court's decisions, which is insufficient. See City of Fresno v. United States, 709 F.Supp.2d 888, 916 (E.D. Cal. 2010). Thus, Plaintiff has not met his "high hurdle." Weeks, 246 F.3d at 1236.

**ORDER**

Accordingly, pursuant to the above analysis, Plaintiff's motion entitled "Motion for new trial, rehearing, and reconsideration" (Doc. No. 188) is DENIED.

IT IS SO ORDERED.

Dated:  March 3, 2016                          _____
                                                SENIOR DISTRICT JUDGE

---

[1] Assuming that Plaintiff intended to file a Rule 59 motion, his motion is timely, see Fed. R. Civ. P. 59(e), and the fact that Plaintiff first filed a notice of appeal does not prevent this Court from ruling on the motion. See Warren v. American Bankers Ins., 507 F.3d 1239, 1244-45 (10th Cir. 2007); In re Rains, 428 F.3d 893, 904 n.9 (9th Cir. 2005); Ross v. Marshall, 426 F.3d 745, 752 n.13 (5th Cir. 2005).